## THE PEOPLE v. BECK.

An indictment for robbery must state that the property was taken from the person of another. If it merely state that it was taken from "another person," it is fatally defective.

APPEAL from the Court of Sessions of Placer County.

Indictment for robbery. The language of the indictment as to the taking of the property is, " did feloniously, forcibly, violently, unlawfully, and with force and arms, and by force, threats, and intimidation take from another, to wit: from one John Hornsyer, a leather bag and purse," etc.

Defendant demurred because the indictment failed to show that the property was taken from the person of another. The demurrer was overruled and defendant subsequently tried and convicted, and he now appeals.

*James Anderson*, for Appellant.

To the point that the indictment was insufficient, cited Sec. 59 of Act concerning Crimes and Punishments; Wharton's Criminal Law, 632; 11 Humph. 167.

*Attorney-General*, for Respondent.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

The indictment in this case is fatally defective in the statement of the facts constituting the offense charged. Robbery is defined by the statute to be "the felonious and violent taking of money, goods, or other valuable thing from *the person* of another by force or intimidation." The indictment does not allege the taking in the present case from the person of another, but only from another person, which is quite a different thing. The demurrer should have been sustained.

Judgment reversed and cause remanded.