[No. 11159.   In Bank. — December 22, 1887.]

## IN THE MATTER OF ALVIN B. ABBOTT, AN INSOLVENT.

INSOLVENCY — FINDING OF INDEBTEDNESS — SUFFICIENCY OF. — A finding in a proceeding of involuntary insolvency that the debtor is indebted to one of the petitioning creditors in an amount equal to the exact aggregate of several items of indebtedness set forth in the petition is sufficient to support an adjudication of insolvency, although the finding does not show that the indebtedness arose in the manner stated in the petition.

ID. — ORDER FOR VERIFICATION OF INVENTORY — APPEAL. — An order directing an involuntary insolvent to verify his schedule and inventory is not appealable under the insolvent act of 1880.

APPEAL from an order of the Superior Court of San Luis Obispo County adjudging a debtor an involuntary insolvent, and from an order directing him to verify his schedule and inventory.

The facts are stated in the opinion.

*William Shipsey*, and *J. R. Patton*, for Appellant.

*C. W. Goodchild*, and *McD. R. Venable*, for Respondents.

BELCHER, C. C. — This is a proceeding commenced under the insolvent act of 1880, for the purpose of putting Alvin B. Abbott, an alleged insolvent, into involuntary insolvency. The court below adjudged him to be an insolvent debtor, and he has appealed, the case coming here on the judgment roll.

Two points only are made by the appellant: —

1. The petition was signed by five creditors only, one of them being Zederman & Co. In the petition it is alleged that "the said Alvin B. Abbott is indebted to said firm of Zederman & Co. in the sum of $86.36, on account for goods, wares, and merchandise sold and delivered by said firm to said Abbott at his instance and request," etc., and also that "the said Alvin B. Abbott

is further indebted to said firm of Zederman & Co. in the sum of five dollars for moneys paid on March 11, 1884, by said firm to one —— Miller, at the written request of said Abbott."

The answer denied that appellant "is or ever was indebted to the firm of Zederman & Co. in the sum of $86.36, or in any sum on an account for goods, wares, or merchandise sold or delivered by said firm to him, or for any other cause or thing." And it also denied that "he is indebted to said Zederman & Co. in the sum of five dollars, or in any sum whatsoever for money paid by said firm to —— Miller, or to any other person, at the written request of said Abbott, or otherwise."

The court found that Abbott was, on October 13, 1884, the time when the proceeding was commenced, and still is, indebted to Zederman & Co. "in a certain sum of money, to wit, $91.36, and that said firm of Zederman & Co. was, on October 13, 1884, and still is, a creditor of said Alvin B. Abbott."

It is claimed for the appellant that the finding is insufficient because it does not appear from it that the indebtedness arose in the manner stated in the petition. But we think the finding can be sustained. The real question at issue was as to whether or not Zederman & Co. were creditors of Abbott, and this as an ultimate fact is clearly found against him. Besides, the amount of the indebtedness is named, and it exactly agrees with the aggregate of the sums named in the petition. The finding seems to have been intended to cover the whole issue, and we think it substantially does so. And as said in *McKinney* v. *Smith,* 21 Cal. 385, " it is not requisite to order a new trial for the purpose of having the language of the finding made more exact, when it is sufficiently distinct as to the subject-matter of the action."

2. The order adjudging Abbott an insolvent directed " that said Alvin B. Abbott file· in this court, within

fifteen days from date hereof, a schedule and inventory in accordance with sections 3 and 4 of said act."

Abbott filed an unverified schedule and inventory, and then the court made the following supplemental order:—

"It appearing to the court that the schedule and inventory filed herein by the above-named Alvin B. Abbott on the thirteenth day of April, 1885, is not verified,—

"Now, on motion of counsel for petitioning creditors herein, it is ordered that the said Alvin B. Abbott file in this court, within three days after service upon him of a copy of this order, a schedule and inventory in accordance with sections 3 and 4 of the insolvent act of 1880, verified by his affidavit."

It is claimed that the court erred in requiring Abbott to verify his schedule and inventory; that sections 3 and 4 of the act are silent upon the subject of verification, and that section 5, which does provide for it, applies only to voluntary insolvents.

The answer to this objection is, that the order is not an appealable one, and we are therefore precluded from expressing any opinion in reference to it. (Insolvent Act of 1880, sec. 67.)

It follows that the order adjudging Abbott an insolvent should be affirmed, and the appeal from the order requiring him to file a verified schedule and inventory should be dismissed.

FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order adjudging Abbott insolvent is affirmed, and the appeal from the order requiring him to file a verified schedule and inventory is dismissed.